# IN THE FEDERAL GRAND JURY
*of the*
## UNITED STATES DISTRICT COURT
*for the*
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**THE UNITED STATES OF AMERICA,**
ex rel., @REALREPUBLICANPARTY,
COUNTY CONGRESS OF FLORIDA
(ngo), CHARLOTTE COUNTY
CONGRESS (ngo), CHARLOTTE
COUNTY ASSEMBLY (ngo), UNITED
STATES COUNTY CONGRESS (ngo),
UNITED COUNTIES OF AMERICA
(ngo), Paul L. Nally, Michael A. Zarzano,
Cynthia D. Compton, George DeNisco,
Kimberly Hoechstetter

Petitioners,

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

CIVIL ACTION FILE

No. 2:21 CV 683 JLB-NPM

---

## PETITION TO THE UNITED STATES GRAND JURY
## FOR CRIMINAL VIOLATIONS OF CIVIL RIGHTS

**I.   PRELIMINARY STATEMENT**

COMES NOW, the Petitioners, as stated above, and set forth their Remonstrance

and Petition to this Honorable Grand Jury (a US Constitution, Amendment V Court of

Inquiry) involving an ongoing pattern of violations of Civil Rights especially as to their

Statutory Entitlements to free and unmolested right to vote, any violations of which are within this Grand Jury's Jurisdiction, and seeking this Grand Jury's presentments, indictments, or other relief in law or in equity, if any, therefor.

## II.   PETITIONERS' ALLEGATIONS

Petitioners call the attention of this Honorable Grand Jury to the fact that several of these Petitioners are witnesses to illegal acts related to the casting and/or tabulating of votes in this Presidential Election Cycle calling into question the validity of any certified result.  Further, there has been filed in the District Court for the Northern District of Georgia, a civil action, *Pearson et al. v. Kemp et al.*, 1:20-cv-4809-TCB (Nov. 25, 2020), a case brought pursuant to 42 U.S.C. 1983 and 42 U.S.C. 1988, which are the civil tort derivatives, inter alia, of the Federal Criminal Statutes 18 U.S.C. 241 and 18 U.S.C. 242.  That case also references numerous criminal acts in violation of federal criminal statutes.  That case was filed with evidentiary material under seal; however, upon initiation of its investigation, any Grand Jury shall be privy thereto by subpoena. Additionally, there are implications of illegal tampering and serious deficiencies with the computer systems and software used in the Dominion computer system.

There are additional criminal complaints to be presented for the consideration of this Grand Jury; however, the sharing of information and the discovery of a petitioner with a Grand Jury is a matter declared to be confidential and privileged and shall require an in person hearing for the Grand Jury to determine whether such touches upon its present service.[1]

All Petitioners shall be at the pleasure of this Honorable Grand Jury.

---

[1] *In re Quarles and Butler*, 158 US 532, 535 (1895) [; ... and such information, given by a private citizen, is a privileged and confidential communication, ...]

### III.   STANDING OF PETITIONERS

Pursuant to the contractual guarantees of the Constitution of The United States of America, inter alia, Amendments I and XIV, on behalf of themselves and all others similarly situated, it is the prerogative of any citizen to Petition, Peaceably Assemble with, Responsibly Speak to, and Be Heard by, those in government who are vested with the Jurisdictional Power of Government for a redress of grievances. See US Const., Amend. I and 28 U.S.C. 1861.

This Petition is consistent with and is in the exercise of the right of Petitioners to choose that agency of government best clothed with the authority to provide the relief required.  Further, these Petitioners are in compliance with the duty imposed upon them by 18 U.S.C. 4.[2]

### IV.   FEDERAL GRAND JURY JURISDICTION

A Federal Grand Jury, a contractually established Constitutional fixture in its own right, functions as an independent arm of the federal judiciary and an independent adjunct to a United States Attorney[3].  Once impaneled it has particularly defined duties imposed by both the positive Congressional Statutes and the Common Law.  Pursuant to the Grand Jury's oath of office and federal statutes, it has a legal, non-discretionary, duty to exercise its inquisitorial jurisdiction upon any petition or remonstrance coming to its, or any member's, attention to diligently inquire and true presentment make of any

---

[2] This case is controlled by the principles declared and affirmed in _Logan_ v. _United States_, 144 U.S. 263, 283-284 (1892) and _In re Quarles_, 158 U.S. 532, 535-536 (1895).

[3] _US v. Caruto_, 663 F. 3rd 394, 398 (2011) [... _Marcucci_, 299 F.3d at 1163-64 (holding constitutional instructions "consistent with the historical function of the grand jury" that "informed the grand jurors that they were not merely an arm of the government, but rather an independent body").]

discovery of its own, or that of any person, touching upon this Jury's present service. [4] In the hierarchical power structure of government agencies the Grand Jurors may be likened to "Kings and Queens".[5]   There are none who are above the inquisitorial duty of this body in this Republic.

Only the Grand Jury, as an independent Amendment V Tribunal, may decide the first question of whether a petition or remonstrance touches upon its present service as it is the first duty of every Court to determine its jurisdiction.[6]   Such determination is not within the purview of any Trial or Appellate Court (US Cont. Article III) or any United States Attorney to command (or deceptively advocate).   The determination lies solely upon this Grand Jury.

Further, should this Grand Jury find any petition to be in the nature of an attempted threat, threat, or obstruction to any or all members of the Grand Jury, or any witness or officer before them, they have the immediate recourse to either seek contempt citations, through the assisting US District Court Judge, or indictments to trial for threatening or obstructing behavior, pursuant to Chapter 73 of Title 18 of the United States Code (18 U.S.C. 1503 through 1505), without any prior intervention from the Executive or Judicial branches of this government.

---

[4] 18 U.S.C. § 3332(a) .  See, also, USDOJ Justice Manual, Title 9, 9-11.010 and Criminal Resource Manual 101-158. Note: § 3332(b) limits a federal judge to only one consideration for exercising his authority to impanel a special grand jury, otherwise there is no prohibition in law, either specific or implied, for him to decline to impanel upon request.

[5] *Blair v. United States*, 250 US 273, 279-280 (1919), " ... as early as 1612, in the Countess of Shrewsbury's case, Lord Bacon is reported to have declared that "all subjects, without distinction of degrees, owe to the King tribute and service, not only of their deed and hand, but of their knowledge and discovery."

[6] *Barclay v. ICON HEALTH & FITNESS, INC.*, 19-cv-2970 (ECT/DTS), (D. C., Minn 2020), "There is no question that jurisdiction must come first when a court's jurisdiction over the entire action is in question. A federal court must always assure itself of its jurisdiction before proceeding to the merits of an action."

V.    THE FEDERAL GRAND JURY

A. PLENARY POWER OF FEDERAL GRAND JURY TO INQUIRE INTO
VIOLATIONS OF CRIMINAL STATUTES

A grand jury, including a special grand jury, in all federal jurisdictions, has broad

powers to investigate any federal crime committed by anyone.  According to federal law,

it is the "duty" of a regular and special grand jury "to inquire into offenses" that violate

"the criminal laws of the United States."[7]

It is prior case law of the Courts, stare decisis, that both a regular and a special

grand jury have the broad power to investigate crimes and the power to return

presentments or find indictments, US Const., Amendment V, for signature and

prosecution by the United States Attorney.[8]

In order to achieve its mandate, a grand jury also holds broad power over the

charges it returns.  The "investigation of crime by the grand jury" is "fundamental" to

secure the safety of persons and property of all citizens.[9]  To aid this mandate and its

accompanying power, this Grand Jury may exert any power contained in the Ga. Const.,

Art I, § I, par. XI, or other State's Constitutions and laws, pursuant to the holding of _Erie_

[7] 18 U.S.C. § 3332(a): "(a) It shall be the duty of each such [special] grand jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district."

[8] _Branzburg_ v. _Hayes_, 408 U. S. 665, 700 (1972 ., "[t]he investigative power of the grand jury is necessarily broad if its public responsibility is adequately to be discharged."

_U.S. v. Forsythe_, 429 F. Supp. 715, 730 (W.D. Pa. 1977) ("any duly constituted federal grand jury can validly return a conventional indictment for violation of any provision of the federal criminal law"), rev'd on other grounds, ..."

_Cawley v. Warren_, 216 F.2d 74, 76 (7th Cir., 1954), "The power of the grand jury is not dependent upon the court but is original and complete, and its duty is to diligently inquire into all offenses which shall come to its knowledge, whether from the court, the prosecutor, its own members or from any source, and it may make presentments of its own knowledge without any instruction or authority from the court. The court cannot limit the scope of the investigation of the grand jury."

[9] _In re Report and Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to the House of Representatives_, 370 F. Supp. 1219, 1222 (D.D.C. 1974).  See also, Branzburg v. Hayes, 408 U.S. at 700.

_Railroad Co. v. Tompkins_, 304 U.S. 64 (1938) [10] applied to the power of being Judges of the Law.

Of particular note to this Grand Jury, and applicable pursuant to the Full Faith and Credit Clause, is the expression of the right of citizens of this State expressed in _In Re Lester_, 77 Ga. 143 at 148 (1886) in which Justice Hall wrote:

> "It is the right of any citizen or any individual of lawful age, to come forward and prosecute for offenses against the state, ..."

For instance in Georgia where a Grand Jury is a Ga. Const., Article I Court of Inquiry, so too in the Federal Jurisdiction, wherein a Grand Jury is a US Constitution Amendment V Court of Inquiry; independent of any control by a District Court Judge or a US Attorney, or any other branch of this Government, when proceeding to conduct its own inquisition without regard to the desires of other governmental agencies [11] and may compel the assistance of government attorneys and investigators in the furtherance of the Grand Jury's duty, even to the point of compelling a government attorney to prepare an accusation even if the attorney refuses to sign it [12].  In other words this Grand Jury has absolute constitutional authority, in the proper discharge of their duties, to subpoena, inquire, present, or indict without any recourse whatsoever from any object of their inquiry.

This Grand Jury must take judicial notice of the Justice Hall's decision of _In Re Lester_, wherein he further stated as a matter of still valid case law in Georgia;

---

[10] _Erie_, Id. at 78, "Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State."

[11] _In re Report and Recommendation of June 5, 1972 Grand Jury Concerning Transmission of Evidence to the House of Representatives_, 370 F. Supp. 1219, 1222 (D.D.C. 1974). The grand jury is a pre-constitutional institution given constitutional stature by the Fifth Amendment but not relegated by the Constitution to a position within any of the three branches of government, as the federal grand jury is a constitutional fixture in its own right. _U.S. v. Chanen_, 549 F.2d 1306, 1312 (9th Cir. 1977) quoting _Nixon v. Sirica_, 487 F.2d 700, 712 n.54 (D.C. Cir. 1973). Also see, _United States v. Williams_, 504 U.S. 36, 47 (1992).

[12] _In re Report and Recommendation of June 5, 1972 Grand Jury ..._, Id.

"... or when he does not wish to become the prosecutor, he may give information of the fact to the grand jury, or any member of the body, and in either case, it will become their duty to investigate the matter thus communicated to them, or made known to one of them, whose obligation it would be to lay his information before that body."[13]

As pointed out in _Branzburg_, 408 U.S. at 701, it is the Grand Jury's role to determine "whether a crime has been committed and who committed it." A society's long-term, enlightened, best self-interest is served when a Grand Jury conducts its own inquiry, or oversees public officers engaging in such an investigation under the auspices of the Jury's oversight. Again in _Branzburg_, at 701 (citing _United States v. Stone_,249 F.2ddd 138, 140 (2d Cir. 1970), the Supreme Court has pointedly observed that "a grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." Branzburg, _Id._

## B. GRAND JURY'S RIGHT AND DUTY TO CONSIDER ALL EVIDENCE[14]

Any evidence is proper for the consideration of a Grand Jury and an inquiry may begin on nothing more substantial than a rumor; there are no constitutional limitations on types of evidence.[15] However, there are limits upon Grand Juries in the performance of their duties. They may not, as made plain by Mr. Justice Powell in _United States v. Calandra_, 414 U.S. 338, 346 (1974), "[v]iolate a valid privilege, whether established by

---

[13] See the _Full Faith and Credit Clause_ as it relates to the decisions found in _People v. Parker_, 374 Ill. 524, 528; 30 N.E.2d 11; (1940) and _Brack v Wells_, 184 Md. 86, 95-96 (1944) affecting _Lester_, Id.

[14] _US v. Knight_, 490 F. 3d 1268, 1271 (11th Cir. 2007)
   While you would perform a disservice if you did not indict where the evidence justifies an indictment, you would violate your oath if you merely rubber stamped the indictment brought before you by the government representatives.
These instructions were based upon the Model Jury Instructions.

[15] _United States v. Calandra_, 414 U.S. 338, 344 (1974) citing _Brtanzburg_ at 700 and _Costello v. United States_, 350 U. S. 359, 364 (1956).

7

the Constitution, statutes, or the common law." That admonition applies to all who come before, or are brought before, a Grand Jury.

With that thought firmly in mind, and considering the responsibilities of this Grand Jury referenced in _Calandra_, Id., at 343, "to include both the determination whether there is probable cause to believe a crime has been committed and the protection of citizens against unfunded criminal prosecutions.", it is not arguable that any citizen, possessing evidence of crimes against federal law, should be summarily excluded by others not clothed with the authority of law from presenting his evidence before that Grand Jury for their determination of the question of probable cause. Congress has not clothed any other with such authority and it may not be heard to be argued, as a matter of law, that a citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another; for any attempt at enforcement of such an argument would be a violation of the law and the fundamental free speech, petition, and peaceful assembly prerogatives. See, _US v. Knight_, 490 F. 3d 1268, 1272 (11th Cir. 2007) (en banc) holding as to jury instructions stating,

> The grand jury could easily understand it was independent from the court and could indict or not based upon the evidence.

### C. CITIZENS' RIGHT OF ACCESS

Although crimes and allegations of crimes are usually brought by a federal prosecutor, there is no constitutionally valid admonishment in law to specifically prevent a citizen from standing in the place of a state's prosecutor before a Grand Jury in compliance with his rights of petition, remonstrance, peaceable assembly, responsible use of speech, and the right of being heard. If he does not wish to prosecute, there is no prohibition as to his voluntarily seeking merely to provide sworn or unsworn testimony,

or present evidence, to a Grand Jury.  It is the *right* of a Grand Jury to the evidence of any man and the *right* of all citizens to have a Grand Jury hear that testimony and see that evidence in order that the Grand Jury may fulfill their paramount duty of protection to the person and property of citizens and the prosecution of offenders which was espoused in <u>Blair v. United States</u>, 250 US 273, 279-280 (1919),

> "Long before the separation of the American Colonies from the mother country, compulsion of witnesses to appear and testify had become established in England. ... as early as 1612, in the Countess of Shrewsbury's case, Lord Bacon is reported to have declared that "all subjects, without distinction of degrees, owe to the King tribute and service, not only of their deed and hand, but of their knowledge and discovery." 2 How. St. Tr. 769, 778.

This holding in <u>Blair</u> is a statutorily mandated duty to all US Attorneys in the third sentence of 18 U.S.C. 3332 (a) which commands,

> Any such attorney receiving information concerning such an alleged offense from any other person shall, if requested by such other person, inform the grand jury of such alleged offense, the identity of such other person, and such attorney's action or recommendation.;

however, that command may not be permitted to allow a US or District Attorney or any judge to prevent a citizen's access before a Grand Jury as such would be an abridgment of Amend. I and violate the right announced in 28 U.S.C. 1861.

**WHEREFORE**, Petitioners desire, due to emergency nature, that this Grand Jury proceed with all due haste and efficiency, to determine all the facts and law of this case. In addition, Petitioners desire that this Grand Jury start and take oversight and supervisory control of a criminal inquiry into this Presidential Election process, returning indictments or presentments as seems proper to these Grand Jurors upon a finding of Probable Cause, and that Petitioners be heard on other criminal matters.  Petitioners request notice of receipt of this Petition and

its filing into the Record of this Court of Inquiry, signed by the Forman (both

name and title) and that subpoenas issue for a date and time certain for a

hearing.

Respectfully submitted this _5_ day of _September_, 2021.

Sally Niste

/s/   Jim Nista
_____
(Petitioner Name)

/s/   Sally Nista   Jim Nista
_____
(Petitioner Signature)

12350 Sagewood Drive
_____
Address

Venice, Florida 34293
_____
City, State, Zip